C3

2019R00640/PF

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Brian R. Martinotti |
| | : | |
| | : | Crim. No. 21- 753 |
| v. | : | |
| | : | 18 U.S.C. §§1349 and 1028A(a)(1) |
| FRANK AMBROSIO | : | |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the

Acting United States Attorney for District of New Jersey charges:

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

1.     At all times relevant to this Information:

### The Defendant

a.     Defendant FRANK AMBROSIO ("AMBROSIO"), was a

resident of Brooklyn, New York.

### Relevant Individuals and Entities

b.     Benjamin Rich, a/k/a "Samuel Guillaume," a/k/a "Q," a/k/a "Ryan"

("Rich"), a co-conspirator but not a defendant herein, was a resident of Edison, New

Jersey.

c.     Felix Alamo ("Alamo"), a co-conspirator but not a defendant

herein, was a resident of Brooklyn, New York.

d.     Victim Bank-1 and Victim Bank-2 (together, the "Victim Banks")

were financial institutions, as defined by 18 U.S.C. § 20, the deposits of which were

insured by the Federal Deposit Insurance Corporation.   The Victim Banks had various locations in New Jersey and elsewhere.

      e.     Victim-1 was a minor individual who resided in Brooklyn, New York.

      f.     Victim-2 was a minor individual who resided in Buffalo, New York.

      g.     Victim-3 was a minor individual who resided in Dumont, New Jersey.   Victims-1 through 3 are collectively referred to as the "Victim Individuals."

## The Conspiracy

2.    From in or about February 2019 through in or about October 2019, in the District of New Jersey, and elsewhere, defendant

## FRANK AMBROSIO

did knowingly and intentionally conspire and agree with others to execute and attempt to execute a scheme and artifice to defraud financial institutions, as defined in Title 18, United States Code, Section 20, namely the Victim Banks, whose deposits where insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, those financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

2

## Goal of the Conspiracy

3.      The goal of the conspiracy was for AMBROSIO, Rich, Alamo, and others (the "co-conspirators") to unlawfully enrich themselves by depositing fraudulently obtained checks into accounts opened at the Victim Banks using stolen or fraudulently obtained personally identifying information ("PII") and either transferring or withdrawing the proceeds.

## Manner and Means of the Conspiracy

4.      It was part of the conspiracy that:

a.      Rich obtained stolen or counterfeited checks (the "Fraudulent Checks").

b.      Rich then obtained tax identification numbers ("TINs") utilizing the Victim Individuals' PII to create fictitious businesses with names closely resembling those of the payees of the Checks (the "Sham Businesses").

c.      Rich obtained organization documents for the Sham Businesses, such as articles of organization or certificates of incorporation.

d.      Rich later provided AMBROSIO, Alamo, and others with fraudulent identification documents bearing their photographs, and in some cases, the Victim Individuals' stolen identities (the "Fraudulent IDs").

e.      AMBROSIO, Rich, Alamo, and others used the fraudulently obtained tax identification numbers, Fraudulent IDs, and organization documents for the Sham Businesses to open accounts for the Sham Businesses at the Victim Banks

3

(the "Fraudulent Accounts").

      f.     Once AMBROSIO and his co-conspirators opened the Fraudulent Accounts, they deposited Fraudulent Checks into the Fraudulent Accounts at various Victim Bank branch locations, including the following examples:

      i.     On or about August 13, 2019, AMBROSIO opened a Fraudulent Account ("Fraudulent Account-1") using a TIN obtained from Victim-1's PII at Victim Bank-1 in Clark, New Jersey. On or about August 14, 2019, AMBROSIO deposited a Fraudulent Check into Fraudulent Account-1 in the amount of $29,505.84 at Victim Bank-1 in Elizabeth, New Jersey.

      ii.     On or about August 15, 2019, AMBROSIO opened a Fraudulent Account ("Fraudulent Account-2") using a TIN obtained from Victim-2's PII at Victim Bank-1 in Harrison, New Jersey. On or about August 16, 2019, AMBROSIO deposited a Fraudulent Check into Fraudulent Account-2 in the amount of $15,000 at Victim Bank-1 in Rahway, New Jersey.

      iii.     On or about April 24, 2019, Alamo opened a Fraudulent Account ("Fraudulent Account-3") using a TIN obtained from Victim-3's PII at Victim Bank-2 in Woodbridge, New Jersey. On or about April 26, 2019, Alamo deposited a Fraudulent Check into Fraudulent Account-3 in the amount of $63,270.97.

      g.     Once AMBROSIO and his co-conspirators deposited the Fraudulent Checks into the Fraudulent Accounts, they attempted to transfer or

withdraw the ill-gotten funds from the Fraudulent Accounts.

        h.      Between in or about February 2019 and October 2019, the co-conspirators opened or accessed at least 20 Fraudulent Accounts at the Victim Banks.

        i.      The conspiracy resulted in approximately $1,000,000 in Fraudulent Checks being deposited into the Victim Banks, causing at least $250,000 in losses to the Victim Banks.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Aggravated Identity Theft)

1.      The allegations in Paragraphs 1, 3, and 4 of Count One are realleged here.

2.      On or about August 15, 2019, in Essex County, in the District of New Jersey and elsewhere, defendant

## FRANK AMBROSIO

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the Social Security Number of Victim-2, during and in relation to a felony violation of a provision contained in Chapter 63, United States Code, that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, charged in Count One of this Information.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION AS TO COUNT ONE

1.    As a result of committing the offense in violation of 18 U.S.C. § 1349 alleged in Count One of this Information, AMBROSIO shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

## FORFEITURE ALLEGATION AS TO COUNT TWO

2.    As a result of committing the offense in violation of 18 U.S.C. § 1028A(a)(1) alleged in Count Two of this Information, AMBROSIO shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

## SUBSTIUTE ASSETS PROVISION
## (Applicable to All Forfeiture Allegations)

3.    If by any act or omission of the defendant any of the property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred of sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of such defendant up to the value of the above-described forfeitable property.


RACHAEL A. HONIG
Acting United States Attorney

8